# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

RYAN SAVINELL                                                                    PLAINTIFF

v.                                                                    No. 3:14CV41-MPM-JMV

DAVID CLAY VANDERBURG                                                        DEFENDANT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Ryan Savinell, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

## Discussion

Ryan Savinell has made a myriad of claims in his complaint which, if one includes exhibits, spans over 300 pages. He alleges that his defense attorney (the sole defendant in the instant case) made a sequence of egregious errors that led to Savinell's conviction. He also makes various allegations regarding events taking place from 2004 to 2008 – some during periods of incarceration, some during time in the free world. Savinell seeks money damages, and he appears to challenge the validity of his conviction on several grounds, including ineffective assistance of counsel and actual innocence.

## Statute of Limitations

To the extent that Savinell seeks relief under 42 U.S.C. § 1983, his claims are precluded by Mississippi's three-year statute of limitations. A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v.*

*Gaylor*, 981 F.2d 254 (5th Cir. 1993).  In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured."  *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted).  The instant complaint was filed February 20, 2014; as such, the court cannot consider claims arising before February 20, 2011, because they fall outside the three-year § 1983 limitations period.  For these reasons, all of Savinell's claims under 42 U.S.C. § 1983 will be dismissed with prejudice.

### Claims for *Habeas Corpus* Relief

Though Savinell's claims are not perfectly clear, he has also challenged the validity of his conviction and sentence.  Section 1983 is not the proper vehicle in which to bring such a claim in federal court; instead, Savinell must bring his claim under 28 U.S.C. § 2254.  In the interest of judicial efficiency, the Clerk of the Court is **DIRECTED** to open a *habeas corpus* action under 28 U.S.C. § 2254 using the complaint in the present case – and to file Savinell's pending motion to proceed *in forma pauperis* in the newly-created *habeas corpus* case.

**SO ORDERED**, this, the 11th day of April, 2014.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**